## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

David Render,
     Plaintiff

                               Case No. 1:07-cv-489
                               (Dlott, J.; Hogan, M.J.)

     vs

Forest Park Police Department, et al.,       **REPORT AND RECOMMENDATION**
     Defendants

This matter is before the Court on Plaintiff's Motion For Entry of Default. (Doc. 7), Defendants' Memorandum in Opposition to Plaintiff's Motion for Default Judgment (Doc. 9), and Plaintiff's Reply to Opposition of Defendants (Doc. 11). Also before the Court are the Motion of Defendants Kevin Hughes, Phillip Cannon, Tony Vetere, Ron Harris, and Darlene Hall-Miller for Leave to File Answer Out of Time (Doc. 8), Defendants' Motion to Strike Plaintiff's Reply to Opposition of Defendants (Doc. 12), and Defendants' Supplemental Response to Plaintiff's Motion for Entry of Default (Doc. 22).

### BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. Plaintiff's claims arise from his arrest and detention by the Forest Park Police Department on June 24, 2005. Plaintiff, proceeding pro se, filed a Motion for Leave to Proceed *In Forma Pauperis* on June 22, 2007 (Doc. 1). Following the granting of Plaintiff's motion, Plaintiff filed his Complaint on August 15, 2007. (*See* Docs. 3, 4). On June 14, 2007, Plaintiff, through counsel, filed an action in the Court of Common Pleas for Hamilton County. (Doc. 8, Ex. A). The state lawsuit arose from the same arrest of Plaintiff by the Forest Park Police Department on June 25, 2005. The Summons and copies of the Complaint in the federal action were served upon multiple defendants at the Forest Park Police Department on August 15, 2007. However, Forest Park Police Chief Phillip Cannon, mistakenly believing the Summons and Complaints to be part of the Hamilton County action, failed to forward the documents to defense counsel. (Doc. 8, Ex. C, Affidavit of Phillip Cannon). Moreover, Cannon told the other individual defendants that the matter was being taken care of, thus, causing said defendants to assume that the documents would be forwarded to defense counsel in the state court case. (Id.). As such, no answers or other pleadings were filed on behalf of these defendants. Thereafter, on October 12, 2007, Plaintiff filed his Motion for Entry of Default against Defendants. (Doc. 7).

## OPINION

Rule 55, Fed. R. Civ. P., provides for the entry of default against a party who fails to plead or otherwise defend as provided for under the Civil Rules. However, a trial on the merits, and not disposition by default judgment, is favored in federal court. *See Shepard Claims Service v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986); *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir. 1983). "Any doubt as to the propriety of granting a default judgment should be resolved in favor of the non-moving party." *Cincinnati Bell Telephone v. Allnet Communication*, 810 F. Supp. 217, 220 (S.D. Ohio 1992)(Spiegel, J.). In determining whether to grant a motion for default judgment, the Court should consider the culpability of the defaulting defendants, the prejudice to the plaintiff, and whether the defendants have a meritorious defense. *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990); *Shepard Claim Service*, 796 F.2d at 192.

Although Defendants were required to respond to Plaintiff's Complaint, their failure to do so in this case does not amount to a willful failure to appear and plead. *See Shepard Claims Service*, 796 F.2d at 194. Defendants' actions in this case do not amount to culpable conduct warranting default judgment. "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Id.* There is no indication that Defendants' actions in this case exhibit a disregard for judicial proceedings. Rather, it appears that confusion resulting from multiple lawsuits kept Plaintiff's pleadings from coming to the attention of counsel for Defendants.

Furthermore, there is no indication that Plaintiff will be prejudiced by the denial of his motion for default judgment. *See INVST Financial Group v. Chem-Nuclear Systems*, 815 F.2d 391, 398 (6th Cir. 1987). Accordingly, good cause justifies the failure to timely respond to Plaintiff's Complaint.

Additionally, Defendants point out that Plaintiff has now filed a First Amended Complaint, which supersedes his original Complaint. *See Drake v. City of Detroit*, No. 06-1817, 2008 WL 482283 at * 2 (6th Cir. Feb. 21, 2008)(citing *Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007)). Defendants have timely answered Plaintiff's First Amended Complaint, "the only operative complaint in [this] case." (Doc. 20). As such, Defendants contend that they are not in default as a matter of law.

It appears that Defendants also meet the "meritorious defense" requirement. "[I]f any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *INVST Financial Group,* 815 F.2d at 399, quoting *United Coin*, 705 F.2d at 845. A defense is adequate if it has "'even a hint of a suggestion' which, proven at trial, would constitute a complete defense." *Id.* at 399, quoting *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980). In their Answer to Plaintiff's Amended Complaint, Defendants raise several defenses to the claims raised by Plaintiff which, if proven, may constitute a defense to this action. (*See* Doc. 16).

2

For the reasons stated above, the Court finds that Plaintiff's Motion for Entry of Default (Doc. 7) should be denied. Moreover, upon a showing of good cause, Defendants' failure to timely file Answers to Plaintiff's Complaint is justified. However, as Plaintiff has amended his Complaint and Defendants have answered said amended complaint, Defendants' Motion for Leave to File Answers Out of Time (Doc. 8) is moot and denied as such. Defendants' Motion to Strike Plaintiff's Reply to Opposition of Defendants (Doc. 22) is granted. Plaintiff's Reply memorandum was filed in excess of eleven days following the filing of Defendants' Memorandum in Opposition to Plaintiff's Motion for Default Judgment. Plaintiff has offered no explanation upon which a finding of good cause can be made. As such, Plaintiff's Reply to Opposition of Defendants is untimely and is therefore ordered stricken from the record.

## IT IS THEREFORE RECOMMENDED THAT:

1)      Plaintiff's Motion for Entry of Default (Doc. 7) be DENIED

## IT IS FURTHER ORDERED THAT

1)      Defendants' Motion for Leave to File Answers Out of Time (Doc. 8) be DENIED AS MOOT

2)      Defendants' Motion to Strike Plaintiff's Reply to Opposition of Defendants (Doc. 12) be GRANTED

3)      Plaintiff's Reply to Opposition of Defendants (Doc. 11) be STRICKEN from the record.


Date: 6/13/05

Timothy S. Hogan
United States Magistrate Judge

3

## NOTICE TO THE PARTIES REGARDING THE FILING
## OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FIFTEEN (15) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981

J:\SMITHLE\prisoner1983\Render\default

4

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X       ☐ Agent ☐ Addressee<br>B. Received by (*Printed Name*)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>David Render<br>519-510<br>Lebanon Corr. Inst.<br>PO Box 56<br>Lebanon OH 45036 | D. Is delivery address different from item 1? ☐ Yes<br>    If YES, enter delivery address below: ☐ No<br><br><br>3. Service Type<br>☑ Certified Mail   ☐ Express Mail<br>☐ Registered      ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*)     ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*) | 7007 1490 0001 0562 6875 |

PS Form 3811, August 2001      Domestic Return Receipt      102595-01-M-2509

1:07cv489   Doc. 28